## A10A1845. McINTOSH v. GORDY.
(707 SE2d 609)

SMITH, Presiding Judge.

Michael McIntosh appeals from a superior court order denying his application for an arrest warrant for Heather Gordy, the assistant principal at the school attended by McIntosh's son. For the reasons set forth below, we affirm.

The record shows that McIntosh applied for an arrest warrant of Gordy under OCGA § 17-4-40 (b). The superior court held a hearing in which McIntosh and Gordy were provided an opportunity to present evidence from which the trial court could determine whether probable cause existed for the arrest of Gordy. See OCGA § 17-4-40 (b) (5).

In the hearing, McIntosh asserted that Gordy committed the following crime in connection with a disciplinary hearing to determine whether his son should be suspended: "It shall be unlawful for any person knowingly . . . to engage in misleading conduct toward another person with intent to . . . [c]ause or induce any person to . . . [b]e absent from an official proceeding to which such person had been summoned by legal process."[1] OCGA § 16-10-93 (b) (1) (B) (iv). In support of his claim, McIntosh presented evidence showing that a disciplinary hearing was scheduled in connection with his son. McIntosh obtained subpoenas from the local school board chair for several students present in the classroom at the time of an alleged incident involving his son. McIntosh's wife requested that she be allowed to accompany Gordy when she delivered the subpoenas to the students, but Gordy declined this request. The document issued by the school board chair was titled a "subpoena" and ordered the respondent to appear "under penalty of law."

In the warrant hearing, McIntosh presented evidence showing that Gordy told some of the subpoena recipients and their parents that the students did not have to appear at the disciplinary hearing even though they had received a subpoena to appear issued by the

---

[1] Persons violating this Code section are guilty of a felony and "shall be punished by imprisonment for not less than two nor more than ten years or by a fine of not less than $10,000.00 nor more than $20,000.00, or both." OCGA § 16-10-93 (b) (2).

Forsyth County Board of Education. Gordy presented evidence showing that her direct supervisor informed her that the school board could not force a student to appear at the disciplinary hearing of another student, and directed her to share this information with the students and parents at the time she delivered the subpoenas. He directed her to share this information "as a courtesy" because in his experience the first question asked after delivery of a school board subpoena was "do they absolutely have to appear?" He also testified that in his ten years as a high school administrator, "there has never been a disciplinary consequence" for students who chose not to attend another student's disciplinary hearing.

After taking the matter under advisement at the conclusion of the hearing, the trial court issued a written order concluding that probable cause did not exist for Gordy's arrest. It reasoned that the subpoenas issued by the school board were not "legal process" within the meaning of OCGA § 16-10-93 (b) (1) (B) (iv).

We need not reach the issue of whether the school board subpoenas were "legal process" because we find that the evidence submitted at the warrant hearing failed to show that Gordy knowingly engaged in any misleading conduct. OCGA § 20-2-1160 (a) provides: "Every county, city, or other independent board of education shall constitute a tribunal for hearing and determining any matter of local controversy in reference to the construction or administration of the school law, with power to summon witnesses and take testimony if necessary." Nothing in this Code section provides a mechanism for enforcement of a school board's "power to summon witnesses." Compare OCGA § 9-9-9 (authorizing arbitrators to issue subpoenas that "upon application to the court by a party or the arbitrators, [are] enforced in the same manner provided by law for the service and enforcement of subpoenas in a civil action").

Although the document issued by the school board chair was titled a "subpoena" and ordered the respondent to appear "under penalty of law," the law does not provide a penalty for failing to comply with a school board subpoena. Consequently, Gordy did not "knowingly" engage in any "misleading conduct" under OCGA § 16-10-93 (b) (1) (B) (iv) when she advised the recipients of the purported "subpoenas" that their appearance at the disciplinary hearing was not mandatory. For this reason, we conclude that the superior court did not err when it denied McIntosh's application for an arrest warrant.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED MARCH 15, 2011.

Michael McIntosh, *pro se.*

*Borquaye A. Thomas, LaKisha S. Clements*, for appellee.